**Cheronne BROWN and Kimberly A. Obert, Plaintiffs-Appellants,**

v.

**COLORADO DEPARTMENT OF SOCIAL SERVICES, Defendant-Appellee.**

**Nos. 85CA1777, 85CA1781.**

Colorado Court of Appeals, Div. II.

July 16, 1987.

Rehearing Denied Aug. 20, 1987.

Certiorari Granted (Obert) Dec. 14, 1987.

**1380**

Bernard A. Poskus, Denver, for plaintiffs-appellants.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Vivianne Chaumont Oates, Asst. Atty. Gen., Denver, for defendant-appellee.

STERNBERG, Judge.

In this consolidated appeal of two rulings by the district court, the issue presented is whether recipients of Aid to Families with Dependent Children (AFDC) benefits can seek correction of an "underpayment" of past benefits even though they failed to appeal the decision which resulted in the alleged underpayment within the time period allowed for filing an administrative appeal. We hold that they cannot.

AFDC is a combined federal and state program of financial assistance to dependent and needy children and their parents or relatives who care for them. *See* Title IV–A of the Social Security Act, 42 U.S.C. § 601, et seq. (1982). States that elect to participate in the program must develop a plan which complies with the requirements set forth in 42 U.S.C. § 602(a) (1982) and regulations promulgated by the U.S. Department of Health & Human Services (HHS). The State of Colorado has elected to participate in the AFDC program by passage of the Colorado Public Assistance Act, § 26–2–101, et seq., C.R.S. (1982 Repl. Vol. 11), establishment of the State Department of Social Services (Department), and adoption of regulations implementing the program. Department of Social Services Income Maintenance Regulations, 9 Code Colo.Reg. 2503–1. Colorado's plan has been approved by HHS pursuant to 42 U.S. C. § 602(b).

Plaintiff Brown received a notice from the Department informing her that an inheritance she received was being construed as income and that her benefits were being reduced as a result. She subsequently received notice that the Department was initiating an overpayment recovery action that would reduce her benefits by $25 per month for two years.

Plaintiff Obert's benefits were terminated for failure to provide the Department with a copy of her son's social security card. Obert also was later notified that her re-application for benefits was denied because she had excess income.

These Department decisions are the bases of plaintiffs' claims of underpayment of benefits. Each notice informed the plaintiff of the Department's decision and also advised her that she could appeal the decision by appearing at an evidentiary hearing on a date, time, and location specified in the notice, or by filing a written appeal with the State within the prescribed time period. Neither plaintiff appeared at the hearing or filed a written appeal within the time limitation. Instead, each waited over one and one-half years after receiving notice of the decisions before seeking review.

Both plaintiffs were given a hearing on their request, but in both cases the hearing officer found that the failure to appeal the Department's initial decision leading to the claimed underpayment within the time limits allowed by law barred the plaintiff from later requesting a corrected payment. In both cases, the district court affirmed the hearing officer's decision.

The plaintiffs argue that federal law, specifically 42 U.S.C. § 602(a)(22), requires the prompt correction of all underpayments, regardless of when they occurred or were discovered. We disagree. That statute requires a state plan to provide that:

"The state agency will promptly take all necessary steps to correct any overpayment or underpayment of aid...."

The fact of underpayment must be *established* before it can be corrected. An underpayment is defined in federal and state regulations as "a ... payment ... which is less than the amount for which the [recipient] was eligible, or failure by the state to issue a ... payment ... to an eligible [recipient] if such payment should have been issued." 45 C.F.R. § 233.20(a)(13)(ii); Department of Social Services Income Maintenance Regulation 9 Code Colo.Reg. 2503-1 § 3.000.51. If a recipient fails to appeal the agency action which created the alleged error in calculation of eligibility or benefits within the time required by law, so as to provide a hearing officer the opportunity to conduct a timely adjudication of the matter, there is no provision of law which requires that further hearings be provided.

Federal regulations require the States to provide an opportunity for a hearing to any recipient of public assistance who is aggrieved by any *agency action* resulting in suspension, reduction, discontinuance, or termination of benefits. 45 C.F.R. § 205.10(a)(5) (emphasis added). Both the federal regulations, 45 C.F.R. § 205.10(a)(5)(iii), and the State regulations, Department of Social Services Income Maintenance Regulations 9 Code Colo.Reg. 2503-1, § 3.850.11, require that a request for an administrative appeal be made no later than ninety days from the date of notice of the action in dispute.

Both plaintiffs had the opportunity to appeal the Department decisions affecting them and thereby establish that an underpayment existed. They both chose not to appeal within ninety days, and cannot avoid their failure to appeal by asserting an independent claim of underpayment after the limitations period for appeal has run.

The district court judgments are affirmed.

SMITH and BABCOCK, JJ., concur.