Debra (Conney) HERRERA,
*Petitioner,*

*v.*

ADULT AND FAMILY SERVICES DIVISION,
*Respondent.*

(2-1801-GOG151-4)

Roberta MELENDEZ,
*Petitioner,*

*v.*

ADULT AND FAMILY SERVICES DIVISION,
*Respondent.*

(2-1801-GOF377)

Janice RIDDLE,
*Petitioner,*

*v.*

ADULT AND FAMILY SERVICES DIVISION,
*Respondent.*

(2-1801-FXC813)

Clara (Hobbs-Martinez) SWITZLER,
*Petitioner*

*v.*

ADULT AND FAMILY SERVICES DIVISION,
*Respondent.*

(2-1801-GOC809-7)

Bonnie WEISER,
*Petitioner,*

*v.*

ADULT AND FAMILY SERVICES DIVISION,
*Respondent.*

(2-1801-GOA575)
(CA A60828)

794 P2d 443

Jan Perkins, Klamath Falls, argued the cause and filed the brief for petitioners.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

This is a petition for review of an Adult and Family Services Division (AFSD) order denying petitioners' request for retroactive Aid to Dependent Children (ADC) benefits. We affirm.

In 1983, petitioners received lump sum shares of a United States Court of Claims judgment awarded to them as members of the Klamath Indian Tribe. At that time, all petitioners were receiving ADC. AFSD treated the lump sum payments as income and, in March, 1983, after notice and an opportunity for hearing, terminated petitioners' ADC grants. One petitioner requested a hearing, but she withdrew her request. Petitioners then brought a class action in federal district court, seeking a declaratory judgment. In November and December, 1983, while the federal action was pending, petitioners again became eligible for ADC, and all, except petitioner Herrera, applied for benefits and were reinstated. In April, 1984, the federal court held that the tribal payments should not have been considered in computing ADC benefits. *Medberry v. Hegstrom*, No. 83-1465FR (D Or 1984).

In 1986, petitioners sought an order from circuit court compelling AFSD to pay them the benefits that they did not receive between March and November, 1983. The court granted summary judgment to AFSD, and petitioners did not appeal. In 1987, petitioners applied to AFSD for retroactive payment of the disputed benefits. AFSD denied the applications, and petitioners each filed a request for hearing. A consolidated hearing was held, and an order issued denying the applications. Petitioners seek review of that order.

■ Petitioners argue that their ADC grants should not have been terminated and that AFSD is required by federal law to provide a process for recovery of benefits wrongly withheld. Federal law requires that states provide an opportunity for a hearing when an ADC grant is terminated. A claimant must be given a reasonable time to appeal an agency action, not to exceed 90 days. 45 CFR § 205.5(4) 5d (5).[1] AFSD has adopted rules establishing procedures for administrative review of a decision to terminate a grant. OAR 461-09-300 *et*

---

[1] Federal regulations cited in this opinion are those in effect at the time of the issuance of AFSD's final order.

*seq.* However, petitioners did not seek administrative review of the termination of their ADC grants.

■ Petitioners argue that, even though they did not comply with the available administrative review process, AFSD is obligated to reimburse them for the benefits that they did not receive after their grants were terminated. They rely on the federal statute and related regulations that require states to have a process to correct "underpayments" promptly. 42 USC § 602(a)(22)(C). 42 CFR § 233.20(13)(ii) provides in part that states must:

> "Specify uniform Statewide policies for prompt correction of any underpayments to current recipients and those who would be a current recipient if the error causing the underpayment had not occurred. Underpayment means a financial assistance payment received by or for an assistance unit for the payment month which is less than the amount for which the assistance unit was eligible, or failure by the State to issue a financial assistance payment for the payment month to an eligible assistance unit if such payment should have been issued."

The problem with petitioners' argument, however, is that their grants were not underpaid; they were terminated. Petitioners did not appeal the termination of their grants, nor did they reapply for benefits at that time. As explained in AFSD's order:

> "Because the claimants were not clients of the agency during the period of time at issue, they were not entitled to *any* benefits, therefore, there was no underpayment. The claimants have no greater standing in this case than any ex-client who decides years after a grant closure, and after the time for appeal has lapsed, that there were some months of eligibility following the uncontested grant closure. They have no greater standing than complete strangers who would come to the agency now and show beyond controversy that they were eligible for ADC benefits last year or in 1983, had they only applied for them."

AFSD's order denying petitioners' request for retroactive benefits was correct. *See Obert v. Colorado Dept of Social Services,* 766 P2d 1186, 1187-90 (Colo 1989).

Affirmed.