DAVIS, Judge.
Appellant, Tamela Quarterman, appeals from an order of the Department of Health and Rehabilitative Services Office of Public Assistance Appeal Hearings affirming the Department of Health and Rehabilitative Services’ (“the department”) action to reduce appellant’s Aid to Families with Dependent Children (AFDC) benefits in order to recover AFDC overpayments made to appellant’s mother at a time when appellant was a member of her mother’s assistance unit. Appellant argues on appeal (1) that the hearing officer erred in allowing the department to recoup five percent of appellant’s current AFDC benefits to repay an overpayment to appellant’s mother; (2) that appellant’s right to due process was violated by a failure of the department to give proper and timely notice of the action to appellant; and (3) that the hearing officer erred in failing to determine whether appellant would suffer extreme hardship by the department’s recoupment of appellant’s AFDC benefits. Because the notice sent by the department to appellant states only that appellant’s AFDC grant would be reduced to recover overpayments which occurred from November 1989 through January 1990, we reverse that part of the order which affirms the department’s action to reduce appellant’s AFDC benefits to recover overpayments during other time periods. We find no merit to the other issues raised by appellant and, therefore, affirm as to those issues.
On June 10, 1993, the department sent appellant a letter advising appellant that, in accordance with federal regulations, Florida Statutes and agency policy, appellant’s AFDC benefits would be reduced beginning the following month to recover benefits received in error by appellant’s mother on appellant’s behalf. The letter informed appellant that the overpayments occurred from November 1989 through January 1990 because appellant’s mother failed to report income and received benefits to which she was not entitled. The letter informed appellant that her benefits would be reduced by twelve dollars per month, which represented five percent of the AFDC payment standard for appellant’s size assistance group. The letter further advised appellant of the right to request a hearing before a hearing officer, that appellant could bring anyone she chose, such *106 as a lawyer, relative or friend to the hearing, and that appellant could contact the department’s local office if she needed information on how to obtain free legal advice.
The department initially attempted to seek repayment of the overpayments from appellant’s mother, but was only able to recoup $551. At the time of the hearing, appellant’s mother was no longer receiving AFDC benefits and a benefits recovery action was pending against her.
At the time of the hearing, appellant was living with her grandmother. Appellant was 15 years of age with two minor children of her own. Appellant was 9, 12 and 13 years of age when the overpayments to her mother occurred. Appellant testified that she first found out about the overpayments when she received the June 10, 1993 letter irom the department. Appellant testified that she understood the letter, but did not understand why the department was recouping AFDC benefits from her instead of her mother.
The department alleged that appellant’s mother received a total of $3,043 in AFDC benefits to which she was not entitled. The department contended that appellant’s moth-' er’s failure to accurately report her income led to overpayments for the months December 1985 through March 1986, November 1989 through January 1990, February 1990 through March 1990 and January 1991 through February 1991. The department conceded that appellant was not responsible for causing the overpayments and that appellant’s mother was responsible for providing the information for the assistance group. The department argued, however, that, because appellant was a member of her mother’s assistance unit at the time of the over-payments, appellant was liable for the repayment of the claims pursuant to Fla.Admin.Code R. 10C-1.900 and 45 C.F.R. section 233.20(13).
At the time of the hearing, the department was reducing appellant’s AFDC grant by $15 per month, which resulted in an AFDC grant of $288 per month. Appellant testified that the department’s recoupment of $15 per month was an undue hardship because her mother had a job, she was not living with her mother and she had two minor children of her own. Appellant testified that she receives $243 per month in food stamp benefits. Appellant lives with her grandmother and pays her grandmother $100 per month rent. Appellant’s rent includes utilities. On the first of every month, appellant spends an average of $100 on her children for things such as diapers, clothing, shoes and haircuts. Appellant spends approximately $50 per month for personal items. Appellant also spends money on clothing for herself. Appellant does not have a car. The department argued that recoupment in the amount of $15 per month was not an undue hardship because, based on appellant’s testimony, appellant had $38 per month left after her monthly expenses were subtracted from her AFDC check.
The hearing officer concluded that, under Fla.Admin.Code R. 10C-1.900 and 45 C.F.R. section 233.20(a)(13)(B), appellant was responsible for the overpayments. The hearing officer concluded that, under Fla.Ad-mimCode R. 10C-1.900(8) and 45 C.F.R. section 233.20(13)(E), it was not necessary for the department to notify appellant, in addition to her mother, of the establishment of the overpayment claims. The hearing officer further determined that the department’s action to recoup the overpayments was in accordance with Fla.Admin.Code R. 10C-1.900 because appellant was a current recipient of AFDC benefits. The hearing officer concluded that it was not within the hearing officer’s discretion to suspend or waive repayment when an individual is receiving AFDC benefits.
Appellant argues that the hearing officer erred in allowing recoupment of appellant’s AFDC benefits pursuant to 45 C.F.R. section 233.20(a)(13)(i)(B)(3) because the regulation is inconsistent with 42 U.S.C. section 602(a)(22)(A), the implementing statute. 42 U.S.C. section 602(a)(22)(A) provides, in part:
(a) Contents. A State plan for aid and services to needy families with children must—
(22) provide that the State agency will promptly take all necessary steps to correct any overpayment or underpayment of *107 aid under the State plan, and, in the ease of—
(A) an overpayment to an individual who is a current recipient of such aid (including a current recipient whose overpayment occurred during a prior period of eligibility), recovery will be made by repayment by the individual or by reducing the amount of any future aid payable to the family of which he is a member....
45 C.F.R. section 23S.20(a)(13)(i)(B) provides:
The State shall recover an overpayment from (1) the assistance unit which was overpaid, or (2) any assistance unit of which a member of the overpaid assistance unit has subsequently become a member, or (3) any individual members of the overpaid assistance unit whether or not currently a recipient_
Fla.Admin.Code R. 10C-1.900(2)(a) provides:
(2) Persons Responsible for Repayment of Overpayment.
(a)AFDC overpayments shall be recovered from the assistance groups specified in 45 CFR 233.20(a)(13), October 1, 1991.
Fla.Admin.Code R. 10C-1.085(3) provides:
(3) Persons Responsible for Repayment of Overpayment. AFDC overpayment shall be recovered from any or all of the following:
(a) The assistance group which was overpaid;
(b) Any assistance group of which a member of the overpaid assistance group has subsequently become a member;
(c) Any individual members of the overpaid assistance group whether or not currently a recipient.[1]
We hold that the hearing officer correctly concluded that appellant was responsible for repayment of the overpayments because appellant was an individual member of the overpaid assistance unit under 45 C.F.R. section 233.20(a)(13)(i)(B)(3) and Fla.Admin.Code R. 10C-1.085(3)(c). We decline to determine whether 45 C.F.R. section 233.20(a)(13)(i)(B)(3) is inconsistent with 42 U.S.C. section 602(a)(22)(a), the implementing statute. State courts are not empowered to declare federal regulations invalid as an unlawful exercise of delegated legislative authority.
Appellant argues that the department must attempt to recover the overpayments from appellant’s mother or appellant, but not both. Appellant’s argument is without merit. There is no requirement in the statute or regulations that, once the state has attempted one recovery method, it may not later resort to another method. Moreover, section 409.335(1), Florida Statutes, provides that “the department shall take all necessary steps to recover the overpayment....”
Appellant also argues that her right to due process was violated by a failure of the department to give her proper and timely notice of the action. We hold that the hearing officer erred in concluding that it was not necessary for the department to notify appellant, in addition to her mother, of the establishment of the overpayment claims. Appellant was given individual notice only for the overpayments which occurred from November 1989 through January 1990. Because appellant should have been given individual notice of the overpayment claims for the remaining overpayment periods, the hearing officer erred in affirming the department’s recoupment of appellant’s AFDC benefits for overpayments which occurred in periods other than November 1989 through January 1990.
Appellant raises numerous additional arguments in support of her contention that the department failed to give proper and timely notice of the action. We find appellant’s other arguments to be without merit. Fla.Admin.Code R. 10C-1.900(l)(h) provides:
Notification: Notification for purposes of this section is defined as any correspondence from the department utilized to advise an individual of the status of an overpayment. Such notification shall be in compliance with governing Federal Regulations.
45 C.F.R. section 205.10(a)(3) provides:
(3) Every applicant or recipient shall be informed in writing at the time of applica *108 tion and at the time of any action affecting his claim:
(i) Of his right to a hearing, as provided in paragraph (a)(5) of this section:
(ii) Of the method by which he may obtain a hearing;
(iii) That he may be represented by an authorized representative, such as legal counsel, relative, friend or other spokesman, or he may represent himself.
We hold that the June 10, 1993 letter sent by the department to appellant met the requirements of 45 C.F.R. section 205.10(a)(3) and Fla.Admin.Code R. 10C-1.900(l)(h). Appellant was notified in writing of her right to a hearing, the method by which to obtain a hearing and that she could be represented by an authorized representative.
Appellant argues that the department failed to give her notice of the reasons for intended agency action pursuant to 45 C.F.R. section 205.10(a)(4)(i)(B). The letter sent to appellant clearly states that appellant’s AFDC grant would be reduced beginning the next month to recover benefits received in error by appellant’s mother on appellant’s behalf. The letter further states that the overpayments occurred from November 1989 through January 1990 because appellant’s mother received benefits to which she was not entitled by failing to report earned income.
Appellant argues that the notice was untimely under 45 C.F.R. section 233.20(a)(13)(i)(E)(l) because the department did not take action to recover the overpay-ments from appellant by the end of the quarter following the quarter in which the over-payments were first identified. 45 C.F.R. section 233.20(a)(13)(i)(E) provides:
(E) Prompt recovery of an overpayment: A State must take one of the following three actions by the end of the quarter following the quarter in which the overpayment is first identified:
(1) Recover the overpayment,
(2) initiate action to locate and/or recover the overpayment from a former recipient, or
(3)execute a monthly recovery agreement from a current recipient grant or income/resources.
45 C.F.R. section 233.20(a)(13)(i)(E) implements 42 U.S.C. section 602(a)(22). 42 U.S.C. section 602(a)(22) provides that the state agency “will promptly take all necessary steps to correct any overpayment or underpayment of aid under the State plan.” Although the department did not initiate action to recover the overpayments from appellant by the end of the quarter following the quarter in which the overpayments were first identified, we agree with the decisions of the Supreme Courts in Hawaii and Maine and hold that the promptness provisions in 42 U.S.C. section 602(a)(22) and the implementing regulations are merely directory. See, Cudal v. Sunn, 69 Haw. 336, 742 P.2d 352, 353-356 (1987) (45 C.F.R. section 233.20(a)(13)(i)(E) does not absolutely compel action to correct an overpayment within the quarter following that in which the overpayment is first identified and foreclose recovery thereafter); Anderson v. Comm’r of the Dep’t of Human Serv., 489 A.2d 1094, 1097-1098 (Me.1985) (promptness provisions in 42 U.S.C. section 602(a)(22) and corresponding regulations are merely directory because the terms do not absolutely compel an agency to take action to correct an overpayment within “the quarter following the quarter in which the overpayment is first identified” by foreclosing recovery after that time has passed).
Appellant argues that the notice sent by the department was defective because it failed to include “notification of the amount of and reason for the overpayment and that repayment is required” as required by 45 C.F.R. section 233.20(a)(13)(v). The language quoted by appellant actually appears in 45 C.F.R. section 233.20(a)(13)(vi). 45 C.F.R. section 233.20(a)(13)(vi) provides, in part:
The State may elect not to attempt recovery of an overpayment from an individual no longer receiving aid where the overpayment amount is less than $35. Where the overpayment amount owed by an individual no longer receiving aid is $35 or more, the State can determine when it is no longer cost-effective to continue overpay *109 ment recovery efforts, provided it has made reasonable efforts to recover the overpayment from the individual. Reasonable efforts must include notification of the amount of and reason for the overpayment and that repayment is required....
45 C.F.R. section 233.20(a)(13)(vi) is not applicable to the present case because appellant is currently receiving AFDC benefits.
Appellant argues that the notice failed to cite the specific regulations supporting the action as required by 45 C.F.R. section 205.10(a)(4)(i)(B). The record does not show that appellant raised before the hearing officer that the notice to appellant was insufficient because the notice failed to cite the specific regulations supporting the department’s action. Thus, we find that appellant has failed to preserve this argument for appellate review.
Appellant argues under her third point that the hearing officer erred in failing to determine whether the monthly recoupment of five percent of appellant’s AFDC grant would result in extreme hardship. Section 409.335(1), Florida Statutes (1991) provides:
Whenever it becomes apparent that any person or provider has received any benefits under this chapter to which he is not entitled, either through simple mistake or fraud, the department shall take all necessary steps to recover the overpayment, unless it is determined that extreme hardship would result if repayment were forced at that time. The department may make appropriate settlements and shall establish a policy and cost-effective rules to be used in recovery of such overpayments.
Once it is established under section 409.335(1) that a person has received benefits to which he is not entitled, the department is required to take all necessary steps to recover the overpayment. Section 409.335(1) creates an exception in cases where extreme hardship would result from repayment at that time. Thus, the burden of proving extreme hardship is placed on the person who has received the overpayment. In the present case, appellant had the burden of proving that extreme hardship would result from the department’s recoupment of her AFDC benefits. We hold that appellant failed to meet her burden of proving extreme hardship.
Accordingly, we reverse and remand for entry of an order which allows the department to recoup appellant’s AFDC benefits only for the period of November 1989 through January 1990.
ZEHMER, C.J., and WENTWORTH, Senior Judge, concur.

. Fla.Admin.Code R. 10C-1.085 was repealed effective December 7, 1993.