Tanya SMITH, Plaintiff–Appellant,

v.

**COLORADO DEPARTMENT OF HUMAN SERVICES, Defendant–Appellee.**

No. 94CA2122.

Colorado Court of Appeals, Div. III.

March 21, 1996.

Legal Aid Society of Metropolitan Denver, Linda J. Olson, Denver, for Plaintiff–Appellant.

Gale A. Norton, Attorney General, Stephen K. Erkenbrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Joanna L. Wilkerson, Assistant Attorney General, Denver, for Defendant–Appellee.

Opinion by Judge ROY.

Plaintiff, Tanya Smith, appeals the judgment of the trial court upholding a decision of the Colorado Department of Human Services (CDHS) in which plaintiff was held responsible for the balance of an overpayment of benefits paid to her mother during a period in which plaintiff was a dependent child in her mother's home under the Aid to Families with Dependent Children (AFDC) program. While we consider the result that a child is liable for the debt of a parent somewhat anomalous, we conclude that it is dictated by the applicable statutes and regulations and, therefore, affirm.

The facts are not in dispute. From approximately 1985 through 1989, plaintiff's mother received AFDC benefits for herself, plaintiff, and plaintiff's sister. During that period, plaintiff's mother received an overpayment of benefits totaling $1,587 which resulted from mother's under-reporting of other income.

Mother acknowledged the overpayment by signing promissory notes evidencing her repayment obligation, made some payments, and died in 1993 with $1,232 remaining unpaid. While benefits were paid to mother after she signed the promissory note and prior to her death, the benefits were not reduced to collect the overpayment. No

claim was filed against mother's estate following her death.

Later, Adams County Department of Social Services (Adams County) notified plaintiff, who was then receiving benefits for herself and her son, that she was responsible for the balance of the overpayments made to her mother. Adams County further advised plaintiff that it would recover the overpayment by reducing plaintiff's monthly benefits until recovery was complete.

Plaintiff appealed the action to an administrative law judge (ALJ) who held that under state and federal statutes and regulations plaintiff, as a member of an "assistance unit" that received the overpayment of AFDC benefits, was liable for any overpayment. The Office of Appeals of CDHS affirmed. Plaintiff then appealed to the trial court pursuant to § 24–4–106, C.R.S. (1988 Repl.Vol. 10A), and the court likewise affirmed. This appeal followed.

### I.

■ Plaintiff first contends that the plain language of the state regulation limits recovery to adult members of AFDC households at the time of the overpayment. We disagree.

The regulation in effect at the time of the overpayments stated:

> When establishing a claim for repayment from a recipient, 'recipient' shall mean an individual whose needs are included in an assistance grant *and* an individual who is legally liable for the support of and/or who acts as a payee for individuals included in an assistance grant.

Department of Social Services Regulation § 3.811.13, 9 Code Colo. Reg. 2503–1 (modified July 1, 1992) (emphasis added).

Plaintiff argues that the meaning of "and" in this context is conjunctive. Therefore, under plaintiff's construction, for CDHS to claim overpayment from an individual, that individual (1) must be both an individual whose needs are included in the grant *and* who is either legally liable for those included in the grant or (2) acts as payee for those included in the grant. In other words, the

regulation describes two types of individuals, not three.

CDHS argues, and the ALJ held, that "and" in this context is disjunctive and means "or." That is, the recipient must be an individual (1) whose needs are included in the grant *or* (2) a person who is legally liable for those included in the grant or (3) a person who acts as payee for those included in the grant. In other words, the regulation describes three classes of individuals, not two.

■ An administrative agency's construction of its own regulations is given great weight unless it is plainly erroneous or inconsistent with the governing statute or with the regulations. *Orsinger Outdoor Advertising, Inc. v. Department of Highways*, 752 P.2d 55 (Colo.1988). In interpreting the meaning of "and" or "or" in statutes, regulations, and ordinances, the substitution of one for the other may be necessary. *Gamble v. Levitz Furniture Co.*, 759 P.2d 761 (Colo.App.1988).

We are convinced that the use of the phrase "an individual," both prior to and immediately following the word "and," denotes an intent that the two phrases describe two individuals, not one. In addition, the use of the phrase "and/or" between the second and third phrases indicates an intent that the second phrase is intended to modify, qualify, or be read in conjunction with, the third phrase, not the first.

Therefore, the plaintiff is responsible for any AFDC overpayments her mother received during periods plaintiff was an individual whose needs were included in her mother's grant.

### II.

■ Plaintiff next contends that even if she is liable for any overpayments under the state regulation, that regulation is inconsistent with federal statutes and regulations. We disagree.

The General Assembly has designated CDHS as the agent of the federal government in administering public assistance programs in Colorado. Section 26–1–111(2)(h), C.R.S. (1989 Repl.Vol. 11B). CDHS must adhere to the statutes and regulations of the federal government as they pertain to the

AFDC program. *See* U.S. Const. art. VI, § 2; *Obert v. Colorado Dept. of Social Services,* 766 P.2d 1186 (Colo.1988).

The federal statute establishing the requirements for state plans for the administration of AFDC requires that such plans provide for recoupment of overpayments from both the individual and the family. 42 U.S.C. § 602(a)(22) (1988).

The federal regulation concerning overpayments, 45 C.F.R. § 233.20(a)(13)(i) (1995), as pertinent here, states:

> (A) The State must take all reasonable steps necessary to promptly correct any overpayment....
>
> > (1) Any recovery of an overpayment to a current assistance unit, including a current assistance unit or recipient whose overpayment occurred during a prior period of eligibility, must be recovered through repayment (in part or in full) by the individual responsible for the overpayment or recovering the overpayment by reducing the amount of any aid payable to the assistance unit of which he or she is a member, or both.
>
> > . . . .
>
> (B) The State shall recover an overpayment from (1) the assistance unit which was overpaid, *or (2) any assistance unit of which a member of the overpaid assistance unit has subsequently become a member, or (3) any individual members of the overpaid assistance unit whether or not currently a recipient.* If the State recovers from individuals who are no longer recipients, or from recipients who refuse to repay the overpayment from their income and resources, recovery shall be made by appropriate action under State law against the income or resources of those individuals. (emphasis added)

The language of the regulation is, in our view, clear. 45 C.F.R. § 233.20(a)(13)(i)(B)(2) specifically allows defendant to recoup overpayments from recipients in plaintiff's situation. *See Quarterman v. Department of Health & Rehabilitative Services,* 650 So.2d 104 (Fla.Dist. Ct.App.1995) (citing 45 C.F.R. § 233.20(a)(13)(i)(B)(3) (1995)). In addition, we conclude that there is no conflict between the statute and the regulation.

Plaintiff further argues that 45 C.F.R. § 233.20(a)(13)(i)(A)(1) requires a contrary result. That subsection requires that CDHS recoup the overpayment from the individual responsible for the overpayment, in this case plaintiff's mother. However, that section does not negate the plain meaning and application of 45 C.F.R. § 233.20(a)(13)(i)(B)(2). Read together, the two sections require the state to recoup overpayments from a number of sources, including, in this case, plaintiff's mother and plaintiff.

We also disagree with plaintiff's contention that a subsequent change in the interpretation of federal regulations concerning AFDC overpayments shows that the federal government's policy at the time of the overpayments to plaintiff's mother did not allow for recoupment from plaintiff. The new interpretation specifically states that it clarifies, not changes, existing policy that every member of the overpaid assistance unit is responsible for the overpayment.

Accordingly, the judgment of the trial court is affirmed.

STERNBERG, C.J., and PLANK, J., concur