OPINION OF THE COURT
Memorandum.
The judgment appealed from and the order of the Appellate Division should be affirmed, with costs.
Section 72 of the Domestic Relations Law evidences a legislative intent to continue the familial relationship between grandparents of an adopted child and the child, provided that doing so is not contrary to the best interests of the child (Lo Presti v Lo Presti, 40 NY2d 522, 527). The Family Court Judge erred on the law, therefore, in suggesting that the natural father’s consent to adoption by the stepfather terminated the rights of the natural father’s parents.
The Appellate Division held that he had erred on the facts as well in finding it in the best interests of the child to cancel any visitation with the grandparents. The question being a factual one, our function when the Appellate Division and the Family Court reach different conclusions on the issue, is to determine where the weight of the evidence lies, taking into consideration the fact that the Family Court Judge had the better opportunity to assess credibility (Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492) and bearing in mind that the particular issue involves “as a primary consideration the avoidance of hindering the adoptive relationship” (People ex rel. Sibley v Sheppard, 54 NY2d 320, 329).
There is here little dispute concerning the facts and nothing to suggest that visitation with petitioners will hinder the child’s adoptive relationship, the grandparents having made clear their willingness not to involve the natural father in their visitation, or interfere with the relationship between the child and his mother and adoptive father, or make known to the child his adoption until the mother and adoptive father are prepared to do so. Essentially, the problem arises out of the desire of the mother and adoptive father that the child not be faced with the fact that he has three sets of grandparents and thus *750 possibly have brought home to him his adoptive status. That, however, is a problem inherent in the legislative policy itself and absent evidence of exacerbation of the problem by the grandparents, furnishes no basis for denial of visitation by them with the child (cf. Lo Presti v Lo Presti, supra).
The only other basis for terminating visitation suggested by the Family Court Judge was conflict between petitioners and respondents. In our view, however, the conclusion of the Appellate Division that contact of the child with his grandparents will not harm the child’s emotional or physical well-being more nearly conforms with the weight of the evidence.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Kaye concur; Judge Simons taking no part.
Judgment appealed from and order of the Appellate Division brought up for review affirmed, with costs, in a memorandum.