712 P.2d 1366
**Jonathan and Karen
PILLARS, Petitioners,**

v.

**Hon. Robert L. THOMPSON, District
Judge, Respondent.**

**No. 16159.**

Supreme Court of New Mexico.

Jan. 14, 1986.

Rehearing Denied Feb. 5, 1986.

Atkinson & Kelsey, Thomas C. Montoya, Albuquerque, for petitioners.

Michael Danoff Albuquerque, for real party in interest.

## OPINION

WALTERS, Justice.

On December 16, 1985, this Court issued an alternative writ of prohibition ordering the Respondent to desist from further proceedings in the matter of *Merrifield v. Pillars*, DR 85–00792, in Bernalillo County District Court, until the issue concerning Respondent's jurisdiction to determine grandparental visitation with the minor Pillars children had been reviewed.

The parties have since filed briefs and presented oral argument in this matter. The issue is whether a grandparent's visitation rights under NMSA 1978, §§ 40–9–1 through –4, are extinguished by reason of the death of the natural parent of the children and adoption of the children by the surviving parent's new spouse, when the deceased parent is the child of the petitioning grandparent.

Section 40–9–4 provides that the Grandparent Visitation Act shall have no application "in the event of a relinquishment or termination of parental rights in cases of statutory adoption." Sections 40–7–3 and –4 of the Adoption Act (NMSA 1978, §§ 40–7–1 to –11, 40–7–13 to –17) define "relinquishment" and "termination of parental rights." In this case, although there was a statutory adoption, that adoption proceeding had nothing to do with relinquishment of parental rights by either natural parent, or with terminating the parental rights of either natural parent. Rather, the natural fathers' parental rights—ordinarily considered to be the rights to care, custody, control, and services of the child, *see* 59 Am.Jur.2d, *Parent and Child*, §§ 11, 12 (1971)—ceased when, by reason of death, he was no longer able to exercise them. Section 40–9–4 simply does not apply to the facts at hand. Consequently, the alternative writ was improvi-

dently issued. We hold that the Respondent has jurisdiction under the Grandparent Visitation Act to determine whether and under what conditions the grandparent's request for visitation should be granted.

The alternative writ is quashed; the matter is remanded to the district court for resolution of pending proceedings.

IT IS SO ORDERED.

RIORDAN, C.J., FEDERICI, J., and SOSA, Senior Justice, concur.

STOWERS, J., dissents.

STOWERS, Justice, dissenting.

I dissent with the majority opinion. The alternative writ of prohibition issued in this case should be made permanent because the district court lacks subject matter jurisdiction to determine the merits of Mr. Merrifield's petition for grandparent visitation privileges.

Mr. Merrifield filed a petition for grandparent visitation privileges pursuant to the Visitation by Grandparents Act, NMSA 1978, Sections 40–9–1 to –4 (Repl.Pamp. 1983). However, the Visitation by Grandparents Act expressly denies grandparent visitation privileges after adoption. This express denial is found in NMSA 1978, Section 40–9–2 (Repl.Pamp.1983), which states:

If one or both parents of a minor child is deceased and the minor is in the custody of a surviving parent or any other person *OTHER THAN AN ADOPTIVE PARENT,* any grandparent of the minor may petition the district court for visitation privileges with respect to the minor. (Emphasis added.)

Denial of grandparent visitation privileges after adoption is also found in NMSA 1978, Section 40–9–4 (Repl.Pamp.1983), which states: "The Act [40–9–1 to 40–9–4, NMSA 1978] shall have no application in the event of a relinquishment or termination of parental rights in cases of statutory adoption proceedings."

These statutes are consistent with New Mexico's public policy of treating adopted children as if they were the natural children of the adopting parents and the family of those parents. *In re Estate of Holt v. Brady,* 95 N.M. 412, 622 P.2d 1032 (1981). "[New Mexico's public] policy is consistent with the developing trend to treat an adopted child as the natural child of the adopting parents and the family of those parents, and to *terminate in every respect,* when considering legal rights and obligations, the relationship with the child's natural parents." *In re Estate of Holt,* 95 N.M. at 414–15, 622 P.2d at 1034–35 (1981) (emphasis added) (quoting *In re Estate of Shehady v. Richards,* 83 N.M. 311, 312, 491 P.2d 528, 529 (1971)).

The policy of treating an adopted child as the natural child of the adopting parents for all purposes is clearly manifested in our Adoption Act, NMSA 1978, Sections 40–7–1 to –11 (Repl.Pamp.1983) and specifically in Section 40–7–15, which states:

A. A judgment of adoption, whether issued by the court of this state or any other place, has the following effect as to matters within the jurisdiction of or before the court:

(2) to create the relationship of parent and child between the petitioner and the individual to be adopted, as if the individual adopted were a legitimate blood descendant of the petitioner *for all purposes,* including inheritance and *applicability of statutes* ... (emphasis added).

In the case of *In re Estate of Holt,* 95 N.M. at 415, 622 P.2d at 1035 (quoting *In re Estate of Topel,* 32 Wis.2d 223, 227, 145 N.W.2d 162, 164 (1966)), this Court stated:

[T]he intent of [New Mexico's Adoption Act] from its language is to effect upon adoption a complete substitution of rights, duties, and other legal consequences of the natural relation of child and parent and kin with those same

rights, duties, and legal consequences between the adopted person and the adoptive parents and kin.

I therefore dissent with the majority opinion because the provisions of the Adoption Act, the Visitation by Grandparents Act, and the case of *In re Estate of Holt* divest Mr. Merrifield from any claim of statutory grandparent visitation privileges.