[No. 15668–3–I.   Division One.   March 16, 1987.]

ROBERT G. BOND, ET AL, *Respondents,* v. JAMES R. YOUNT, ET AL, *Appellants.*

*Eugene M. Moen* and *Chemnick & Moen,* for appellants.

*Howard B. Breskin, Michael P. Ruark,* and *Breskin, Robbins & Merkel,* for respondents.

GROSSE, J.—The appellants, the adoptive parents (and maternal grandparents) of Bobby, appeal the trial court's grant of visitation rights to Bobby's biological (paternal) grandparents. We agree that the trial court erred in so ruling and reverse the trial court.

Bobby Yount was born on July 16, 1979 to the appellants' adopted daughter and the respondents' son. When Bobby was approximately 1 year of age, his parents separated. Six months later he was taken into the appellants' home. After the natural parents gave their consent, the appellants adopted Bobby.

The respondents have had an ongoing relationship with their grandson since birth. Up until Bobby was 1½ years of age, respondents visited him approximately 2 to 4 times a month. After Bobby went to live with the appellants, the respondents had "reasonable visitation". Visitation averaged once or twice a month in 1982–83. In 1983, the relations between the appellants and respondents became strained, which prompted the appellants to deny the respondents any visitation. Respondents promptly filed suit in superior court requesting visitation. In October of 1984 the trial court found that visitation would be in 5–year–old Bobby's best interest and granted limited and structured visitation. This appeal followed.

The trial court awarded visitation rights to the respondents under RCW 26.09.240 which provides in pertinent part:

> The court may order visitation rights for any person when visitation may serve the best interest of the child whether or not there has been any change of circumstances.
>
> Any person may petition the court for visitation rights at any time including, but not limited to, custody proceedings.

Subsequent to the decision of the trial court, the question of whether a grandparent has standing under RCW 26.09.240 was addressed by the Court of Appeals in *Mitchell v. John Doe*, 41 Wn. App. 846, 706 P.2d 1100

(1985). *Mitchell* held that grandparents have no standing to petition for visitation with a grandchild who has been adopted by strangers. We agree with the *Mitchell* court that the Legislature did not intend RCW 26.09.240 to chip away the strong policy holding the privacy of adoption to be sacrosanct. As stated by that court:

> There is no policy stronger or more consistently followed in this state than that protecting the sanctity and privacy of adoptions. When an adoption has become final, previous ties to natural parents are completely severed and a wholly new relationship is created. RCW 26.32.140.

*Mitchell,* at 849. The only factual difference between *Mitchell* and the case at bar is that this child was not adopted by strangers but by the maternal grandparents. We do not find this distinction sufficient to outweigh the policy underlying adoptions. The judgment of the trial court must be reversed.

SWANSON and WEBSTER, JJ., concur.