Vickie Sue HOPP, Plaintiff–Appellee,

v.

Patricia PATTERMAN, Clerk of the District Court for the Twentieth Judicial District, Defendant–Appellant.

No. 87CA0788.

Colorado Court of Appeals,
Div. I.

April 28, 1988.

Rehearing Denied May 26, 1988.

Hopp, Carlson & Beckmann, P.C., Walter J. Hopp, Longmont, for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Neil Tillquist, Asst.

Atty. Gen., Denver, for defendant-appellant.

PLANK, Judge.

Patricia Patterman, clerk of the district court for the twentieth judicial district, appeals the summary judgment entered in favor of Vickie Sue Hopp, on Hopp's C.R.C. P. 106(a)(2) complaint. We affirm.

In December 1986, Hopp filed a single petition with one docket fee for the adoption of her four stepchildren. The children all have the same father, the same mother, now deceased, and the same adopting stepmother. The clerk refused to accept the single petition naming the four stepchildren and advised Hopp that a separate petition and docket fee was required for each child.

Hopp sought an order mandating the clerk to accept a single petition for the adoption of her four stepchildren. The trial court permitted Hopp to file a single petition and docket fee for the adoption of the stepchildren.

Section 19–4–104(2), C.R.S. (1986 Repl. Vol. 8B) provides that: "In all matters relating to the relinquishment and adoption of children, the court shall act to preserve the anonymity of the natural parents, child, and adoptive parents." The clerk argues that this statutory requirement means that the court clerk has a duty to preserve the confidentiality of such proceedings even between siblings. We decline to adopt this interpretation of the statute.

Neither the Colorado Children's Code, § 19–1–101, et seq., C.R.S. (1986 Repl. Vol. 8B), nor the Colorado Rules of Juvenile Procedure prohibit joinder of multiple claims. Moreover, the joinder of multiple claims and parties is expressly permitted by C.R.C.P. 18(a) and C.R.C.P. 20(a).

The statute is intended to, and does, adequately protect the confidentiality of adoption proceedings against disclosure to third parties. However, it serves no purpose to preserve confidentiality among the siblings or the parents here where the natural mother is dead and the stepparent is adopting all the children.

Furthermore, in light of the rule of statutory construction that the singular includes the plural, we are not persuaded that a separate petition is required for each child merely because the statute generally refers to an adopted child in the singular. *See* § 2–4–102, C.R.S. (1980 Repl. Vol. 1B).

Judgment affirmed.

PIERCE and TURSI, JJ., concur.