**Ronald W. CHURCH and Violet Church, Plaintiffs–Appellees,**

**v.**

**AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN, Defendant–Appellant.**

**No. 87CA0472.**

Colorado Court of Appeals, Div. III.

Oct. 20, 1988.

Stacy Carpenter, Grand Junction, for plaintiffs-appellees.

Dickinson & Herrick–Stare, P.C., Richard L. Everstine, Denver, for defendant-appellant.

TURSI, Judge.

Defendant, American Standard Insurance Company of Wisconsin (American), appeals a judgment rendered against it based

on its refusal to pay insurance claims asserted by plaintiff, Ronald Church. As grounds for its appeal, American asserts four errors: (1) an erroneous determination by the trial court of when personal injury protection benefits became due under § 10–4–708, C.R.S. (1987 Repl.Vol. 4A) and the improper use of a post-trial affidavit for that purpose; (2) the application of an improper rate of interest to the judgment; (3) an improper award of costs for medical narrative reports; and (4) an improper post-trial reversal of a directed verdict and award of treble damages. We affirm the judgment in part and reverse in part.

Church was injured in an automobile accident. He submitted his medical bills to American, his insurer, for payment. American began making payments pursuant to the policy, but it stopped all payments after it received the results of an independent medical examination performed on Church. The examination was authorized under the terms and conditions of the policy and took place at American's insistence.

Church subsequently sued American for breach of the insurance contract, willful and wanton failure to pay personal injury protection benefits pursuant to § 10–4–708, and a bad faith breach of the insurance contract.

I

American first objects to the trial court's assessment of interest under § 10–4–708. In particular, American argues the trial court improperly relied on a post-trial affidavit submitted by Church's chiropractor in determining when benefits became due. American claims the trial court's assessment was otherwise unsupported by the record.

When interest becomes due in accordance with the provisions of a statute is a matter to be assessed by the trial court, not the jury. *See Hayes v. North Table Mountain Corp.,* 43 Colo.App. 467, 608 P.2d 830 (1980). Although the trial court's reliance on the post-trial affidavit may have been improper, there was other documentary evidence in the record to support the assessment. *Thomas v. Bove,* 687 P.2d 534 (Colo.App.1984) (findings of trial court which have support in the record may not be disturbed on review). Therefore, the assessment is affirmed.

II

American next contends that the trial court's award of interest at the rate of nine percent was in error. We agree. Interest should have been applied pursuant to § 5–12–102, C.R.S. (1987 Cum.Supp.) which provides for a statutory rate of eight percent. Accordingly, the trial court's award of post-judgment interest may not stand.

American has already paid post-judgment interest at a rate of 8% on that part of the judgment comprised of the jury verdict, costs, attorney fees, plus 18% interest as required by § 10–4–708. However, the 18% interest paid by American in its partial satisfaction of judgment was improperly calculated. The 18% interest due on the verdict under § 10–4–708 was to be applied as of the date benefits became due which the trial court correctly determined to be November 12, 1983 (see discussion in part I). Instead, American used the date of August 11, 1984 in determining the interest it owed under § 10–4–708. In view of American's misplaced reliance on the latter date, interest under § 10–4–708 remains due and owing for the period between November 12, 1983 and August 11, 1984. In addition, post-judgment interest on that amount must be calculated pursuant to § 5–12–106, C.R.S. (1987 Cum.Supp.).

III

American next contends that the trial court erred by including the expense of medical reports in the award of costs. Absent a specific prohibition, the trial court has discretion over the awarding of costs. *See Rossmiller v. Romero,* 625 P.2d 1029 (Colo.1981). Because the list of expenses that may be awarded as costs under § 13–16–122, C.R.S. (1987 Repl.Vol. 6A) is not exclusive, including the cost of the medical reports was not an abuse of discretion. Therefore, the award will not be disturbed.

## IV

 Section 10–4–708 provides a cause of action in contract to insureds who are denied prompt payment of personal injury claims by their carriers. If, as a result of the action, the insurer is required to pay the benefits, the insurer also becomes liable for interest at a rate of eighteen percent beginning when the payments first became due. *See* Part I, *supra.* In addition, the statute authorizes treble damages if the failure to pay was willful and wanton.

After the presentation of plaintiff's case, the trial court granted American's motion for a directed verdict on the issues of bad faith and willful and wanton failure to pay medical expenses. In a post-trial order, the court essentially reversed its directed verdict by finding American's refusal to pay intentional and willful and by trebling the damages that had been awarded to Church by the jury.

By initially directing the verdict on the willful and wanton issue, the trial court foreclosed jury consideration of the matter. Questions of fact are to be determined by the jury. C.R.C.P. 38. In this instance, the question of whether American was willful and wanton in its refusal was ultimately determined by the court. Moreover, because the verdict was initially directed in favor of American on this issue, there was no reason for American to present evidence that might have affected the determination in its favor.

The record supports the trial court's finding of insufficient evidence to establish American's alleged willful and wanton failure to pay such benefits. The trial court's subsequent reversal of that finding was apparently based on a misreading of *Leland v. Travelers Indemnity Co.*, 712 P.2d 1060 (Colo.App.1985). Therefore, the directed verdict must be reinstated and the trial court's entry of judgment for treble damages must be reversed.

The judgment is affirmed in all respects except as to the amount of post-judgment interest and the award of treble damages. As to those matters the judgment is reversed and the cause is remanded for further proceedings in accordance with this opinion.

CRISWELL and JONES, JJ., concur.