In re the MARRIAGE OF James Allen ARAGON, and Helen Aragon n/k/a Helen Gronbach, Appellee,

and concerning Eveline Aragon, Intervenor–Appellant.

No. 87CA1186.

Colorado Court of Appeals, Div. I.

Oct. 27, 1988.

James Ripperger, Pueblo, for appellee.

Melinda S. Badgley, Pueblo, for intervenor-appellant.

REED, Judge.

This appeal concerns the right of a paternal grandparent to visit her grandchild after the parents' marriage has been dissolved and the grandchild has been adopted by her stepfather following her mother's remarriage. The trial court determined that the grandparent visitation statute, § 19–1–117, C.R.S. (1987 Cum.Supp.), operated automatically to terminate the grandparent's right to visitation following final adoption of the grandchild by her stepparent. We reverse and remand with directions.

The marriage of the child's parents was dissolved in May 1980, and her mother, the custodial parent, was remarried in July 1980. In January 1985, the paternal grandmother, Eveline Aragon, intervened in the dissolution action and was awarded grandparent visitation rights. Thereafter, in December 1986, the child's stepfather filed a petition for adoption with the consent of the child's parents, and a final decree of adoption was entered in January 1987.

Following the adoption, the child's mother refused to allow the grandmother to visit the child. The grandmother then filed a motion for specific visitation which was denied by the trial court.

■ The narrow issue before us is whether a grandparent's visitation rights awarded under § 19–1–117(1)(a), C.R.S. (1987 Cum.Supp.) are subject to the exclusion set forth in § 19–1–117(1)(b), C.R.S. (1987 Cum.Supp.). We conclude that they are not.

The statutory visitation rights of grandparents are set forth in § 19–1–117(1) which provides:

"Any grandparent of a child may ... seek a court order granting him reasonable grandchild visitation rights when there is or has been a child custody case.... '[A] child custody case' includes any of the following, whether or not child custody was specifically an issue:

(a) That the marriage of the child's parents has been declared invalid or has been dissolved by a court or a court has entered a decree of legal separation with regard to such marriage;

(b) That legal custody of a child has been given to a party other than the child's parent or the child has been placed outside of and does not reside in the home of his parent, *excluding any child who has been placed for adoption or whose adoption has been legally finalized;* or

(c) That the child's parent, who is the child of the grandparent, has died." (emphasis added)

Where possible, a statute should be interpreted so as to give consistent, harmonious, and sensible effect to all of its parts, and its words and phrases should be given effect according to their plain and ordinary

meaning. *People v. District Court*, 713 P.2d 918 (Colo.1986). Further, the use of the singular in a statute includes the plural. *Hopp v. Patterman*, 757 P.2d 164 (Colo.App.1988).

Hence, the exclusionary, statutory phrase concerning a child for whom adoption is pending or final, as contained in subsection (b) of the quoted statute, pertains only to those situations in which, because of such proceedings, the legal custody of a child has been vested in someone other than his parents or in which the child has been placed out of the parents' home. There is nothing in the legislative enactment to indicate that the adoption exclusion was intended to apply to a situation in which the child remains with, and in the legal custody of, a natural parent. Thus, we conclude that where, as here, a grandparent has visitation rights pursuant to § 19–1–117(1)(a) and the grandchild is adopted by her natural parent's new spouse, the grandparent's rights to visitation are not automatically terminated by operation of § 19–1–117(1)(b).

Mother contends, however, that a final decree of adoption defeats a grandparent's standing to assert a right to visitation under § 19–1–117(1)(b), C.R.S. (1987 Cum. Supp.). She argues that a grandparent's visitation rights are derivative of the natural parent's rights with respect to the child and, therefore, are divested by adoption. Again, we disagree.

■ Adoption divests a natural parent of all legal rights and obligations with respect to his child. Section 19–5–211, C.R.S. (1987 Cum.Supp.). However, a grandparent's right of visitation with his grandchild is statutorily derived and, unless otherwise provided by statute, is not dependent upon the parent's continued relationship with the child. *See* § 19–1–117, C.R.S. (1987 Cum. Supp.); *Lingwall v. Hoener*, 108 Ill.2d 206, 91 Ill.Dec. 166, 483 N.E.2d 512 (1985); *Mimkon v. Ford*, 66 N.J. 426, 332 A.2d 199 (1975).

■ Construing the adoption statute and the grandparent visitation statute *in pari materia*, we perceive the General Assembly's intent to be that, in certain circumstances, a grandparent's statutory right to grandchild visitation is not to be frustrated by the adoption statutes. Rather, the legislative scheme evinces an intent to allow grandparent visitation in the case of dissolution of marriage or death of a parent, even if a parent or stepparent objects. *See* § 19–1–117, C.R.S. (1987 Cum.Supp.).

Although the jurisdictions that have considered this issue are divided, our holding comports with the recent trend. *See Patterson v. Keleher*, 365 N.W.2d 22 (Iowa 1985); *Mimkon v. Ford, supra; Layton v. Foster*, 61 N.Y.2d 747, 472 N.Y.S.2d 916, 460 N.E.2d 1351 (1984); *Graziano v. Davis*, 50 Ohio App.2d 83, 361 N.E.2d 525 (1976); *Welsh v. Laffey*, 16 Ohio App.3d 110, 474 N.E.2d 681 (1984); *Chavis v. Witt*, 285 S.C. 77, 328 S.E.2d 74 (1985); *Petition of Nearhoof*, 359 S.E.2d 587 (W.Va.1987). *Contra In re W.E.G.*, 710 P.2d 410 (Alaska 1985); *In re Adoption of Gardiner*, 287 N.W.2d 555 (Iowa 1980); *Browning v. Tarwater*, 215 Kan. 501, 524 P.2d 1135 (1974); *Pillars v. Thompson*, 103 N.M. 704, 712 P.2d 1366 (1986); *Leake v. Grissom*, 614 P.2d 1107 (Okla.1980); *Ex Parte Pepper*, 544 S.W.2d 836 (Tex.Civ.App.1976); *Bond v. Yount*, 47 Wash.App. 181, 734 P.2d 39 (1987). *See also* Annot., 90 A.L.R.3d 222 (1979); Comment, *Visitation After Adoption: In the Best Interests of the Child*, 59 N.Y.U.L.Rev. 633 (1984).

Finally, the General Assembly has provided that the paramount consideration in awarding grandparent visitation rights is the best interests of the child and that visitation rights may be modified or terminated if such visitation is not in the child's best interests. Section 19–1–117(2) and (4), C.R.S. (1987 Cum.Supp.); *Kudler v. Smith*, 643 P.2d 783 (Colo.App.1981). Thus, if a trial court determines that grandparent visitation does not serve the child's best interests the visitation rights may be terminated. *See Graziano v. Davis, supra; Petition of Nearhoof, supra.* By the exercise of judicial discretion on a case-by-case basis, rather than by automatic exclusion of grandparent visitation rights upon adop-

tion, the best interests of the child will be better served.

Review of grandmother's contention concerning entitlement to notice of the adoption proceedings is obviated by our resolution of the foregoing contentions.

Accordingly, the judgment of the trial court is reversed, and the cause is remanded to the trial court with directions to conduct further proceedings consistent with this opinion with respect to grandmother's motion for specific visitation.

PIERCE and STERNBERG, JJ., concur.