■ State of New York ex rel. Wilbur Foley and Another, on Behalf of Terrence Foley, an Infant, Respondent-Appellant, v Diane Landberg, Appellant-Respondent. In the Matter of Diane Landberg, Also Known as Diane Foley, Appellant, v Roger Foley, Respondent.—Order of the Supreme Court, New York County (Kristin Booth Glen, J.), entered October 31, 1988, which denied the motion by Diane Landberg, mother, to terminate the visitation rights of Roger Foley, father, and granted the motion by Wilbur and Terry Foley, paternal grandparents, directing that Roger Foley have visitation one weekend day a month in their presence, unanimously modified, on the law and the facts and in the exercise of discretion, to the extent of granting Wilbur and Terry Foley independent visitation rights of one weekend day a month from 9:00 A.M. to 7:00 P.M. to coincide with visitation by Roger Foley, should he avail himself of this right, and, except as so modified, affirmed, without costs.

In this proceeding, a writ of habeas corpus brought by the paternal grandparents was consolidated with an application to indefinitely suspend the father's visitation rights brought by

the mother. The IAS court, in a thorough and well-reasoned opinion, concluded that Roger Foley should be permitted limited (one day a month) visitation rights with his son, Terrence Foley. However, in view of questions regarding Roger Foley's responsibility and control, the court found that visitation "should be exercised under the supervision of the grandparents, thus also entitling them to continued [sic] relationship with Terrence."

We agree that the grandparents, whom the Supreme Court deemed as "clearly a stabilizing and responsible force," should be present during Roger Foley's visitation with Terrence. However, in view of the finding that "the grandparents had, and might in the future resume an important and loving role in Terrence's life", we believe that visitation rights, independent of the exercise of such rights by Roger Foley, are appropriate (Domestic Relations Law § 72; *Matter of Layton v Foster,* 61 NY2d 747). The failure of Roger Foley to avail himself of the opportunity to visit with his son, which the record reflects has been occasioned in the past by his incarceration for drug possession, should not operate to deprive the grandparents of the company of their grandchild. Concur—Carro, J. P., Milonas, Kassal, Rosenberger and Rubin, JJ.