821 P.2d 931 (1991)
The PEOPLE of the State of Colorado, Petitioner,
In the Interest of N.S., a Child, and Concerning J.S. and R.D.T., Respondents, and
R.T. and E.T., Intervenors-Appellants, and
L.C.S. and M.S., Intervenors-Appellees.
No. 90CA1808.
Colorado Court of Appeals, Div. I.
November 21, 1991.
*932 Victor J. Barbieri, Littleton, for intervenors-appellants.
No appearance for intervenors-appellees.
Opinion by Judge SMITH.
The question presented in this appeal is one of first impression in Colorado: Whether the statutory visitation rights of paternal grandparents survive termination of the natural parents' legal rights and the final adoption of the child by the maternal grandparents. We determine that they do not. Accordingly, we reverse the judgment of the trial court.
A petition in dependency and neglect concerning the child, N.S., was filed in October 1986. During the dependency and neglect proceedings, the maternal grandparents, R.T. and E.T., were awarded custody of the child, and the paternal grandparents, L.C.S. and M.S., were granted reasonable visitation.
In August 1990, the parent-child legal relationship between the parents, J.S. and R.D.T., and the child was terminated pursuant to § 19-3-604(1)(c), C.R.S. (1991 Cum. Supp.). Shortly thereafter, the trial court granted the maternal grandparents' petition for adoption and awarded post-adoption visitation rights to the paternal grandparents under § 19-1-117(1), C.R.S. (1991 Cum.Supp.).
On appeal, the maternal grandparents contend that the paternal grandparents' statutory right to visit the grandchild terminated upon entry of the final decree of adoption. We agree.
Grandparent visitation rights are derived from statute and are not contingent on the continuation of the parent-child legal relationship unless the visitation statute provides otherwise. In re Marriage of Aragon, 764 P.2d 419 (Colo.App.1988). Section 19-1-117(1)(b), C.R.S. (1991 Cum.Supp.), the provision under which the paternal grandparents seek visitation here, provides:
Any grandparent of the child may ... seek a court order granting reasonable grandchild visitation rights when there is or has been a child custody case.... [A] `child custody case' includes any of the following, whether or not child custody was specifically an issue:
. . . .
(b) That legal custody of a child has been given to a party other than the child's parent or the child has been placed outside and does not reside in the home of his parents, excluding any child who has been placed for adoption or whose adoption has been legally finalized.... (emphasis added)
Interpreting this statute in accordance with the plain and ordinary meaning of the words therein, see People v. District Court, 713 P.2d 918 (Colo.1986); In re Marriage of Aragon, supra, we conclude that it creates a statutory right in favor of grandparents to visit their grandchildren during the pendency of dependency and neglect proceedings, but that the visitation right terminates automatically upon placement of the child for adoption or entry of a *933 final decree of adoption. Moreover, such termination occurs under the statute regardless of whether the adoption is by a stranger or a natural relative. See Bond v. Yount, 47 Wash.App. 181, 734 P.2d 39 (1987). See also §§ 19-3-608 and 19-5-211(2) and (3), C.R.S. (1991 Cum.Supp.); People in Interest of M.M., 726 P.2d 1108 (Colo.1986).
In re Marriage of Aragon, supra, on which the paternal grandparents here rely, is distinguishable. In Aragon, the grandparents' visitation rights were derived from § 19-1-117(1)(a), C.R.S. (1991 Cum.Supp.) in that the marriage of the parents had been dissolved and the child in question, in the custody of his mother had been adopted by his stepfather. Thus, since in Aragon the child remained in the custody of a parent in that parent's home, the adoption exclusion of § 19-1-117(1)(b) did not apply. In contrast, here, the grandparents' visitation rights are derived from § 19-1-117(1)(b), and the grandchild did not remain in the custody of a natural parent after the adoption.
Finally, we do not disagree with the trial court's finding regarding the best interests of the child. However, consideration of this issue is not appropriate in light of our determination that, under the circumstances here, the paternal grandparents do not have any statutory or common law right of visitation. See § 19-1-117, C.R.S. (1991 Cum.Supp.).
That portion of the adoption decree awarding visitation rights to the paternal grandparents is reversed.
PIERCE and DAVIDSON, JJ., concur.