**In the Matter of the Petitions of B.D.G. and A.G., Petitioners,**

**for the relinquishment of M.A.G., a Child,**

**and Concerning C.R.G., natural grandmother, Intervenor–Appellant,**

**and**

**Parent Resource Center, Inc., Appellee.**

No. 92CA1676.

Colorado Court of Appeals, Div. I.

Dec. 16, 1993.

Rehearing Denied Feb. 3, 1994.

Certiorari Denied Sept. 19, 1994.

Debra Campeau, Guardian Ad Litem.

William H. Kirkman, Jr., Colorado Springs, for intervenor-appellant.

Holme Roberts & Owen LLC, Sharon A. Higgins, Boyd N. Boland, Colorado Springs, for appellee Parent Resource Center, Inc.

Mary B. Thrower, Colorado Springs, amicus curiae for Prospective Adoptive Parents.

Opinion by Judge CRISWELL.

C.R.G. (grandmother) appeals from a final order of the district court which determined that she had no standing to participate as an interested party in relinquishment proceedings concerning M.A.G., her granddaughter. We affirm.

A.G. (mother) and B.D.G. (father) are the unmarried birth parents of M.A.G. Upon learning that A.G. was expecting a child, they sought adoption and relinquishment counseling from Parent Resource Center, Inc. (PRC), a licensed child placement agency. As part of the counseling, the parents selected a couple that they wished to adopt their child.

After the birth of M.A.G., each parent filed a petition for relinquishment along with an affidavit regarding placement and custody of M.A.G., and M.A.G. was placed with the designated adoptive parents. The petitions were set for hearing before a magistrate.

On the day of the hearing, grandmother, the mother of A.G., filed a request for custody of M.A.G. with an option to adopt and, based thereon, verbally moved to be allowed to intervene as a party to the relinquishment proceedings. PRC moved to strike grandmother's motions on the ground that she had no standing to participate in those proceedings.

The magistrate took grandmother's motions under advisement. Meanwhile, the magistrate appointed a guardian ad litem (GAL) to represent the interests of M.A.G. and proceeded with the hearings on the parents' petitions for relinquishment. She did not allow grandmother to be present or to participate in these hearings or to have access to the court file pending resolution of the standing issue. However, she also delayed ruling on the relinquishment petitions until after she had ruled on grandmother's status.

PRC, the GAL, and grandmother all briefed the question of grandmother's standing to participate. Grandmother also filed a motion to transfer the proceedings to the district court.

The magistrate entered an order denying grandmother's request that the case be transferred to district court and denying grandmother's request for custody of M.A.G. with an option to adopt. That order also granted parents' petitions for relinquishment.

Upon grandmother's petition to review, the district court affirmed the magistrate's order.

## I.

Grandmother contends that the district court erred in refusing to allow her to participate in the relinquishment proceedings. In support of this contention, she has relied, at various times, upon § 19–5–104(2), C.R.S. (1993 Cum.Supp.), § 19–3–605, C.R.S. (1993 Cum.Supp.), and § 19–1–117(1), C.R.S. (1993 Cum.Supp.). However, none of these statutes grant her the right to participate in relinquishment proceedings.

### A.

■ Grandmother initially argued before the magistrate that she should be allowed to participate in the relinquishment proceedings because she filed a motion for custody with option to adopt pursuant to § 19–5–104(2). However, this statute does not grant her any such right.

Section 19–5–104(2) provides, in pertinent part, that, in considering a relinquishment petition:

> The court shall consider, but shall not be bound by, a request that custody of the child, with the option of applying for adoption, be placed in a grandparent. . . . This subsection (2) shall not apply in cases where the birth parents have designated an adoptive family for the child or the birth parents have designated that legal custody of the child not be in the person described in this subsection (2) and where the child has not been in the legal custody of a relative requesting . . . custody . . . or the child has not been in the physical custody of such relative for more than six months.

Here, in their respective affidavits supporting their petitions for relinquishment, the parents both stated that they did not want grandmother granted legal or physical custody of M.A.G., nor did they want any relative to be allowed to adopt M.A.G. In addition, at the time the relinquishment proceedings were instituted, grandmother had never had legal or physical custody of M.A.G.

Hence, the proviso to § 19–5–104(2) expressly made its provisions inapplicable to grandmother's circumstances here.

*People in Interest of A.D.*, 706 P.2d 7 (Colo.App.1985), relied upon by grandmother, is inapposite. The opinion there was issued under a prior relinquishment statute, *see* Colo.Sess.Laws 1985, ch. 163, § 19–4–103(2) at 712, that did not contain the important proviso that is present in § 19–5–104(2) and which is determinative of the question of grandmother's standing under that statute.

### B.

Grandmother also asserts that she was entitled to party status because of the rights granted to her by § 19–3–605. We disagree.

Section 19–3–605 is a part of the Children's Code which establishes procedures for determining whether a child is dependent or neglected, for the adoption of an appropriate treatment plan and, if that plan is not successful, for the ultimate termination of the parent-child relationship. *See* § 19–3–501, et seq., C.R.S. (1993 Cum.Supp.)

As a part of the treatment plan adopted, the court may place the child in the legal custody of the grandparent. Section 19–3–508(1)(b), C.R.S. (1993 Cum.Supp.). Further, upon the entry of an order terminating the parent-child relationship, the court must consider, but need not honor, a grandparent's request for legal custody of the child. Section 19–3–605.

■ Under these provisions, a grandparent is an interested party and may participate in the proceedings to determine whether a child is dependent or neglected. *People in Interest of C.P.*, 34 Colo.App. 54, 524 P.2d 316 (1974) (grandparent who filed request for custody is "interested party" to protest award of custody to welfare department). However, the proceedings to which § 19–3–605 is applicable are distinct in purpose, policy, and procedure from the voluntary relinquishment proceedings here.

Further, § 19–3–605, which applies to custody requests in dependency and neglect proceedings, does not contain the proviso, allowing the parent to reject such a request, that is contained in § 19–5–104(2). And, it is this latter statute, and not § 19–3–605, which governs the parties' rights here.

### C.

■ Grandmother contends that the district court erred in not granting her party status to participate in the relinquishment proceedings pursuant to § 19–1–117(1), C.R.S. (1993 Cum.Supp.). We reject this contention.

Section 19–1–117(1), which concerns grandparent visitation rights in "child custody cases," provides, in pertinent part:

Any grandparent of a child may, in the manner set forth in this section, seek a court order granting him reasonable grandchild visitation rights when there is or has been a child custody case. Because cases arise which do not directly deal with child custody but nonetheless have an impact on the custody of a child, for the purposes of this section, a 'child custody case' includes any of the following whether or not child custody was specifically an issue:

. . . .

(b) That legal custody of the child has been given to a party other than the child's parent or that the child has been placed outside of and does not reside in the home of his parent, *excluding any child who has been placed for adoption or whose adoption has been legally finalized.* . . . (emphasis supplied)

Thus, while § 19–1–117 generally gives grandparents statutory visitation rights in child custody cases, it specifically excludes a grandparent from obtaining visitation rights in cases in which, because of adoption proceedings, the legal custody of the child has been vested in someone other than the child's parents or in which the child has been placed out of the parents' home. *See In re Marriage of Aragon,* 764 P.2d 419 (Colo.App. 1988).

Here, at the time the grandmother filed her request, M.A.G. had been placed for adoption with the family designated by the birth parents. Hence, the proviso to § 19–1–117(1)(b) prohibited grandmother from obtaining statutory visitation rights. *See People in Interest of N.S.,* 821 P.2d 931 (Colo. App.1991) (if child is placed for adoption and no parent retains custody, statutory right of visitation of grandparents terminates automatically).

*F.H. v. K.L.M.,* 740 P.2d 1006 (Colo.App. 1987), relied upon by grandmother, does not persuade us otherwise. There, the only issue considered was whether a proceeding under the Uniform Parentage Act was a "child custody case" for the purpose of the grandparent visitation statute.

Consequently, we find no merit to grandmother's argument that she had "vested" visitation rights pursuant to § 19–1–117(1) so as to allow her to participate in these relinquishment proceedings.

### D.

We decline to address grandmother's contentions concerning the adequacy and propriety of the relinquishment proceedings. Since grandmother was not a proper party to these proceedings, she had no standing to raise these issues.

### II.

■ We also find no merit in grandmother's contention that she was denied access to the court records in derogation of § 19–5–103(10), C.R.S. (1993 Cum.Supp.).

Section 19–5–103(10) allows attorneys of record, parties, and expert witnesses to have access to any written advice given by professional persons to the court at the court's request. Here, grandmother argues that, because her attorney entered an appearance on her behalf with respect to her motion to obtain custody, he was an attorney of record, and he should have been granted access to the report of PRC. We disagree.

In construing this section according to the plain and ordinary meaning of the words, *see People in Interest of T.L.D.,* 809 P.2d 1120 (Colo.App.1991), we perceive a clear intent by the General Assembly that only parties of record and their attorneys were to be granted access to the reports of any professional personnel utilized by the court. Grandmother was never a proper party of record, and she had no right to become one. Hence, she and her counsel were properly denied access to the court files.

Order affirmed.

PIERCE and ROTHENBERG, JJ., concur.