## CIRCUIT COURT OF NORTHUMBERLAND COUNTY

Robert Thrift et al.

v.

Baldwin et al.

November 15, 1995

BY JUDGE JOSEPH E. SPRUILL, JR.

In this appeal from the Juvenile and Domestic Relations District Court, the Court must decide whether the natural grandparents of three children who have been adopted have standing to petition for visitation privileges. For the reasons which follow, the Court finds that they do not have standing.

Five children were born to Dale and Nancy Thrift. The four youngest children were removed from their care and placed in foster care by the Northumberland County Department of Social Services on January 10, 1990. Subsequently, the parental rights of Dale and Nancy Thrift were terminated by the Juvenile and Domestic Relations District Court by order dated October, 1991. The oldest child, Nancy Ann, remained in the custody of her biological paternal grandparents, Mr. and Mrs. Robert Thrift, by whom she was adopted in January, 1995. By order entered in December, 1992, the three middle children, then ages 7, 6, and 5, were adopted by Mr. and Mrs. Baldwin, and their surnames were changed from Thrift to Baldwin.

In April, 1995, Mr. and Mrs. Thrift and Nancy Ann Thrift petitioned for visitation privileges with the three children adopted by the Baldwins. Their standing to do so has been challenged by Mr. and Mrs. Baldwin.

When these children were adopted, they became "to all intents and purposes" the children of Mr. and Mrs. Baldwin. They were thereafter entitled to all rights and privileges and subject to all obligations of children born unto the Baldwins in lawful wedlock. Virginia Code § 63.1-233. Simply put, they became Baldwin children. The law thereafter regards these children no differently from other children born to or adopted by the Baldwins.

Furthermore, upon the termination of parental rights and as well upon adoption, the ties between the biological parents and these children were forever severed. The biological parents became "legal strangers" to the children. *Lowe v. Richmond Department of Public Welfare*, 231 Va. 277 (1986). Each is thereafter divested by statute of "all legal rights and obligations" with respect to the other.

Virginia Code § 16.1-241 authorizes any party with a legitimate interest to petition for visitation privileges with a child. The statute provides that a party with a legitimate interest shall be broadly construed and shall include grandparents. It does not include, however, a party whose parental rights have been involuntarily terminated by court order if the child subsequently has been legally adopted.

In examining the question presented here, the Court is mindful of the Commonwealth's policies which serve to safeguard the privacy interests and integrity of the new family created by an adoption. See Virginia Code §§ 63.1-236 and 63.1-236.01. Recognizing the severe restrictions imposed by the law regarding the dissemination of adoption information even to the parties directly involved, it would appear incongruous to find that biological grandparents retain visitation rights once their grandchildren have been adopted. In many cases, the identities of the adoptive parents and the grandparents, indeed, even the parents, are unknown to each other.

Although the issue presented here does not seem to have been directly addressed in the Commonwealth before, the issue has been ruled upon in other states. In *Mitchell v. John Doe*, 706 P.2d 1100 (Wash. 1985), biological grandparents petitioned for visitation of their grandchildren. The Washington court denied the grandparents' request, holding: "There is no policy stronger or more consistently followed in this state than protecting the sanctity and privacy of adoptions. When an adoption becomes final, previous ties to the natural parents (and by extension, other biological family members) are severed and a wholly new relationship is created." The State of Washington extended this doctrine to biological grandparents when the other biological grandparents were the adoptive parents. *Bond v. Yount*, 734 P.2d 39 (Wash. App. 1987).

In *Faust v. Messinger*, 497 A.2d 1351 (Pa. Super. 1985), the Pennsylvania court did not allow grandparents' visitation, stating: "The policy which dictates this apparently harsh result is well established. The entire body of law pertaining to adoption harmonizes in order to place the adopted child in the shoes of the natural child in all respects, failing only to alter the biological makeup of the child. The intention and result of the

law is to enfold an adopted child in his new family so as to be indistinguishable from his new siblings in every possible respect."

This has been an unsettling matter for the Court to address. A solution which pleased all parties would have been much preferred. That is not possible here. Therefore, we must conclude that the adoption proceedings which severed the tie between parent and child also severed the tie between grandparents and grandchild. When these children became the children of the Baldwins, they acquired a new set of grandparents. They became a part of a new family. Their legal ties to Mr. and Mrs. Thrift were dissolved. Therefore, the petitioners do not have standing to maintain this proceeding.