**The PEOPLE of the State of Colorado, Petitioner–Appellee,**

**In the Interest of J.W.W., a Child,**

**and Concerning F.B., Intervenor– Appellant.**

**No. 96CA0283.**

Colorado Court of Appeals, Div. II.

Jan. 23, 1997.

Rehearing Denied March 13, 1997.

Robert J. Loew, County Attorney, Howard Reinstein, Assistant County Attorney, Adams County Attorney's Office, Commerce City, for Petitioner–Appellee.

Shelley Gilman, Denver, Guardian Ad Litem.

Jack Kintzele, Denver, for Intervenor–Appellant.

Opinion by Judge CRISWELL.

F.B. (Grandmother) appeals from the trial court's denial of her motion for visitation with the child, J.W.W., filed after a decree terminating the relationship between the child and both natural parents had entered and had been affirmed. *See People in Interest of J.W.W.* (Colo.App. No. 94CA1480, August 3, 1995) (not selected for official publication). We dismiss her appeal for lack of standing.

The termination decree was entered by the juvenile court after proper dependency and neglect proceedings under § 19–3–501, et seq., C.R.S. (1996 Cum.Supp.). The effect of that decree was to divest both natural parents "of all legal rights, powers, privileges, immunities, duties, and obligations" with respect to the child, except with respect to the child's status as an heir at law, which will terminate only upon a final decree of adoption. Section 19–3–608, C.R.S. (1996 Cum.Supp.).

Grandmother did not seek to intervene in the juvenile court proceedings leading to the decree of termination, nor was any order granting her leave to do so entered by that

court. She was permitted to participate in the appeal from that decree, however, as a "non-party" who had been aggrieved by the decree. *See People in Interest of J.W.W., supra.*

■ After the affirmance of that decree by this court, Grandmother sought to obtain visitation rights pursuant to § 19–1–117, C.R.S. (1996 Cum.Supp.), which authorizes a grandparent to seek a court order authorizing visitation with a child in any "child custody case." It is undisputed that a dependency and neglect proceeding is a child custody case for purposes of this grandparent visitation statute. *See People in Interest of N.S.,* 821 P.2d 931 (Colo.App.1991). She also sought to have the trial court vacate its prior order placing the child for adoption and objected to that court's order sealing the records in the proceedings and denying her further access to them.

■ Because Grandmother did not seek to intervene in the proceedings before the trial court, we have no occasion to consider her standing to raise some of the issues she now presents had she done so. Rather, the sole question respecting her present standing depends upon whether she still possesses rights under the grandparent visitation statute. We conclude that she does not.

There are two relevant statutory provisions to be considered.

First, § 19–1–103(56), C.R.S. (1996 Cum. Supp.) defines "grandparent." While that statute was amended in 1996 so as to include that definition within the same statute that defined numerous other terms applicable to the Children's Code, *see* Colo. Sess. Laws 1996, ch. 19 at 69, it contains the same definition as previously appeared in Colo. Sess. Laws 1991, ch. 43, § 19–1–117.6 at 263. That definition, § 19–1–103(56)(b), C.R.S. (1996 Cum.Supp.), expressly excludes as a "grandparent" any:

parent of a child's legal father or mother whose parental rights have been *terminated* in accordance with sections 19–5–101 *and* 19–1–104(1)(d). (emphasis supplied)

Section 19–1–104(1)(d), C.R.S. (1996 Cum. Supp.) grants to the juvenile court the general, original, and exclusive jurisdiction to "terminate the legal parent-child relationship." This power to terminate the relationship may be exercised in dependency and neglect proceedings. *See* § 19–3–601, et seq., C.R.S. (1996 Cum.Supp.).

Section 19–5–101, C.R.S. (1996 Cum.Supp.) authorizes the juvenile court to terminate the parent-child legal relationship either under § 19–1–104(1)(d) *or* under § 19–5–105, C.R.S. (1996 Cum.Supp.) (termination of non-relinquishing parent's rights in relinquishment proceedings).

Hence, *both* of the statutes referenced by the statute defining "grandparent" refer to the general power of the juvenile court to terminate the parent-child legal relationship, while one of them also refers to the power of the court in relinquishment proceedings.

Second, in delineating the types of cases to which the term "child custody case" applies, § 19–1–117(1)(b), C.R.S. (1996 Cum.Supp.) includes any case in which legal custody has been given to someone other than the parent, "excluding any child who has been placed for *adoption* or whose *adoption* has been legally finalized." (emphasis supplied)

Grandmother first contends that the statute defining grandparent, by referring both to § 19–5–101 "and" § 19–1–104(1)(d), excludes a person as a grandparent only if the parents' rights have been terminated through relinquishment proceedings. We disagree.

First, as we have noted, while § 19–5–101 does refer to termination under the relinquishment statute, both statutes described in the grandparent definition statute also refer to the juvenile court's general power of termination, which includes the power to terminate in dependency and neglect proceedings. Hence, even if the word "and," as used in § 19–1–117(1)(b), is interpreted literally, *but see Smith v. Colorado Department of Human Services,* 916 P.2d 1199 (Colo.App.1996) (words "or" and "and" in statute may be substituted, one for the other, if proper interpretation requires), the statute does not limit its application only to termination orders entered in relinquishment proceedings; rather, it refers to all orders of termination.

We agree, nevertheless, that the language of the two pertinent statutes— § 19–1–103(56)(b) excluding a person as a grandparent if a "termination" decree has entered and § 19–1–117(1)(b) referring to the "adoption" of the child—appear to be in some conflict.

These two statutes, however, must be construed harmoniously, if possible, so as to avoid any conflict between them. *Matter of Custody of C.C.R.S.*, 892 P.2d 246 (Colo. 1995); *In re Marriage of Ford*, 851 P.2d 295 (Colo.App.1993).

In this respect, while both statutes are definitional in nature, § 19–1–103(56)(b) speaks directly to the *status* of a person as a "grandparent" and, as a corollary, the identity of the persons to whom statutory rights of visitation are granted. Section 19–1–117(1)(b), on the other hand, describes some of the proceedings in which the rights may be asserted. In pertinent part, it seeks to distinguish between proceedings before the parents' rights are terminated and those later proceedings (placements for adoption and adoption) which can only occur after the decree of termination has entered.

The two statutes conflict only if § 19–1–117(1)(b) is read literally. If, on the other hand, its provisions are read simply as referring to the nature of the two proceedings described, they are consistent. Under the latter reading, a "grandparent," as defined by § 19–1–103(56)(b), has standing to assert statutory rights to visitation in a dependency and neglect proceeding only until a decree enters terminating the rights of the parents. Thereafter, in later proceedings, which may involve placement and adoption, that party has no standing under § 19–1–117.

Not only does the latter interpretation harmonize the two provisions, it accords with the finality with which a termination decree is vested. It is, we conclude, the proper interpretation of the pertinent statutory provisions.

In *People in Interest of N.S., supra,* it was determined that a grandparent has no rights under § 19–1–117 after a decree of adoption is entered. Because such a decree had been entered in that case, the question whether a grandparent's rights would be terminated at any time before the entry of such a decree was not presented. In dictum, however, the division suggested that a grandparent has a statutory right to visitation during the pendency of dependency and neglect proceedings, but that such rights would terminate "upon placement of the child for adoption or entry of a final decree of adoption." *People in Interest of N.S., supra,* 821 P.2d at 932. In reaching this conclusion, however, while the division referred to § 19–1–117(1)(b), it made no reference to the definition of grandparent in what is now § 19–1–103(56)(b). For this reason, that opinion is not persuasive upon the issue presented to us.

Under our interpretation of the pertinent statutes, then, Grandmother had no further rights under the visitation statute once the decree of termination was affirmed and became final. Further, because she has not been allowed to intervene in this action and there is no other basis for her assertion of a right to contest any of the trial court's rulings that occurred after the entry of termination decree, she has no standing to seek our review of the trial court's refusal to vacate its placement order or of its order denying her access to the records in this cause.

The appeal is dismissed.

PLANK and KAPELKE, JJ., concur.