Corazon LOZA, Plaintiff-Appellee,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
Defendant-Appellant.

No. 97CA0428.

Colorado Court of Appeals,
Div. V.

April 2, 1998.

Rehearing Denied May 21, 1998.

Certiorari Denied Jan. 25, 1999.

Hult, Garlin, Driscoll & Murray, L.L.C., David J. Driscoll, Douglas T. Logsdon, Boulder, for Plaintiff–Appellee.

Seaman and Giometti, P.C., Gregory R. Giometti, Thomas J. Seaman, Karl A. Chambers, Denver, for Defendant–Appellant.

Opinion by Judge KAPELKE.

Defendant, State Farm Mutual Automobile Insurance Co., appeals from a trial court order awarding plaintiff, Corazon Loza, costs and interest in an underlying suit for breach of an insurance contract. We affirm in part and reverse in part.

## I.

First, we reject State Farm's contention that the trial court erred in awarding costs and interest because the underlying judgment in favor of plaintiff was in error. A division of this court affirmed the judgment in favor of plaintiff in *Loza v. State Farm Mutual Automobile Insurance Co.*, 970 P.2d 478 (Colo.App.1997).

## II.

### A.

State Farm next contends that the trial court erred in allowing plaintiff 18% postjudgment interest on her personal injury protection benefits (PIP) awarded pursuant to § 10–4–708(1.8), C.R.S.1997. State Farm argues that although plaintiff is entitled to 18% interest between the date the PIP benefits were due and the date of the judgment, she is entitled to obtain postjudgment interest only at the 8% rate provided for in § 5–12–102(4), C.R.S.1997. We agree.

Section 5–12–102(4) provides that judgment creditors are entitled to post-judgment interest either:

> (a) At the rate specified in a contract or instrument in writing which provides for payment of interest at a specified rate until the obligation is paid ... or
>
> (b) In all other cases where no rate is specified, at the rate of eight percent per annum compounded annually.

■ Thus, a literal application of § 5–12–102(4) supports State Farm's contention that, because the insurance contract here did not specify a rate, the general statutory 8% rate would govern the recovery of postjudgment interest. *See Church v. American Standard Insurance Co.,* 764 P.2d 405 (Colo.App.1988) (applying 8% postjudgment rate in action for failure to pay PIP benefits).

However, § 10–4–708(1.8), concerning the rate of interest on unpaid PIP benefits, provides in relevant part that: "The insurer shall pay interest to the insured on benefits recovered at a rate of eighteen percent per annum, with interest commencing from the date the benefits recovered were due."

■ Statutes must be construed harmoniously, if possible, so as to avoid any conflict between them. *See Fuhrer v. Department of Motor Vehicles,* 197 Colo. 325, 592 P.2d 402 (1979); *People in Interest of J.W.W.,* 936 P.2d 599 (Colo.App.1997).

If we were to read § 10–4–708(1.8) to mean that the 18% rate for PIP benefits also serves as the postjudgment interest rate, an inconsistency would exist between that provision and § 5–12–102. However, if § 10–4–708 is read to establish the 18% interest rate only on a *prejudgment* basis, then it would be consistent with § 5–12–102, which establishes the general postjudgment rate of 8%. We adopt this harmonizing interpretation.

Notably, when the General Assembly has intended that a prejudgment rate continue in effect following entry of judgment, it has used specific language to accomplish that result. For example, § 13–21–101(1), C.R.S. 1997, which governs interest on damages for personal injury, provides that the nine percent interest rate shall be "calculated from the date such suit was filed *to the date of satisfying the judgment ....*" (emphasis

added) No comparable language is contained in § 10–4–708. Accordingly, we conclude that the 8% rate provided for in § 5–12–102(4)(b) applies here.

## B.

■ Plaintiff urges, however, that she is entitled to postjudgment interest at the 18% rate because § 10–4–708(1.8) establishing that rate for unpaid PIP benefits is an inherent term of the insurance policy. We disagree.

In making this argument, plaintiff relies on § 10–4–703(2), C.R.S.1997, which defines a "complying policy" as "a policy of insurance which provides the coverages and is subject to the terms and conditions required by this part 7". Because "part 7" refers to §§ 10–4–701, et seq., C.R.S.1997, which includes the provision in § 10–4–708(1.8) for 18% interest, that rate became, plaintiff argues, an inherent term of the insurance contract and applies here by virtue of the provision in § 5–12–102(4)(a) allowing recovery of postjudgment interest at the rate specified in the "contract or other written instrument."

However, since the insurance contract at issue here did not itself authorize the collection of postjudgment interest at the 18% rate, we conclude that the general 8% rate prescribed in § 5–12–102(4) governs.

## III.

■ Finally, State Farm contends that the trial court erred in calculating interest on plaintiff's separate compensatory damage award from a date prior to the filing of the complaint. However, because this issue was not raised and preserved in the trial court, we will not consider it here. *See Committee for Better Health Care v. Meyer,* 830 P.2d 884 (Colo.1992).

That part of the order allowing 18% interest on the judgment for unpaid PIP benefits is reversed. In all other respects, the order is affirmed.

MARQUEZ and ROTHENBERG, JJ., concur.