■ In the Matter of KYLE M. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant-Respondent; MARIELENA M. et al., Respondents; MARGARET T., Intervenor-Respondent-Appellant. (Proceeding No. 1.) In the Matter of ARIEL M. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant-Respondent; MARIELENA M. et al., Respondents; MARGARET T., Intervenor-Respondent-Appellant. (Proceeding No. 2.) In the Matter of SAMANTHA M. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant-Respondent; MARIELENA M. et al., Respondents; MARGARET T., Intervenor-Respondent-Appellant. (Proceeding No. 3.) In the Matter of DANIEL M. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant-Respondent; MARIELENA M. et al., Respondents; MARGARET T., Intervenor-Respondent-Appellant. (Proceeding No. 4.) [779 NYS2d 918]—

In related proceedings pursuant to Family Court Act article 10 and Social Services Law § 384-b, the Suffolk County Department of Social Services appeals from so much of an order of the Family Court, Suffolk County (Pach, J.), entered December 9, 2002, as, after a hearing, awarded the grandmother visitation with the subject children, and the grandmother cross-appeals, as limited by her brief, from so much of the same order as, in effect, denied her application pursuant to Family Court Act § 1062 to terminate placement of the children, and committed the guardianship and custody rights of the children to the Suffolk County Department of Social Services for the purposes of adoption.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Under the circumstances of this case, the Family Court providently exercised its discretion in determining that visitation with the grandmother was in the best interests of the grandchildren (*see* Domestic Relations Law § 72; *Matter of Layton v Foster*, 61 NY2d 747 [1984]; *cf. Matter of Wilson v McGlinchey*, 2 NY3d 375 [2004]).

The grandmother's application pursuant to Family Court Act § 1062, seeking to terminate placement of the subject children, was properly, in effect, denied, in light of the Family Court's

prior finding that the grandmother had neglected the children while they were in her custody, and in light of the grandmother's failure to successfully address the problems that led to the removal of the children from her custody. Altman, J.P., H. Miller, Townes and Fisher, JJ., concur.